IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL CHAVEZ, JR., | No. 2:12-CV-1809-WBS-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's motion (Doc 26) for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at

1

1  569. No presumption arises that the Commissioner's position was not substantially justified
2  simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir.
3  1988). The Commissioner's position is substantially justified if there is a genuine dispute. See
4  Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification
5  is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

6  In determining substantial justification, the court reviews both the underlying
7  governmental action being defended in the litigation and the positions taken by the government
8  in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on
9  other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government
10 action was not substantially justified, it is unnecessary to determine whether the government's
11 litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.
12 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the
13 Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103
14 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).

15 In this case, the District Judge concluded that a sentence four remand was
16 appropriate on the issue of whether the Administrative Law Judge ("ALJ") erred in determining
17 that plaintiff could perform his past relevant work. The court stated:

> Here, the ALJ determined at Step Four that plaintiff was not disabled because he was capable of returning to his past relevant work as a dishwasher and hotel housekeeper. (AR at 28-29). At the hearing, however, plaintiff testified that he only obtained his job as a dishwasher because his employers "knew that I had an illness, but they would help me," and that his employers permitted him to stay on for several years in spice of the fact that he would "throw dishes at the employees and just black out." (Id. at 54-55). Likewise, plaintiff testified that during his time as a hotel housekeeper, he would work for a few hours, take a break because of leg pain or because he was "not feeling right in my mind," and return to work hours later. (Id. at 64). Although plaintiff testified that his employer was "very lenient" about accommodating his need for unplanned breaks, he was fired after that employer sold the hotel to new ownership because his new employers were less accommodating. (Id. at 64-65).

26 / / /

In spite of this testimony, the ALJ did not discuss whether plaintiff's work was performed under special conditions or whether his earnings at those positions were subsidized. The ALJ's failure to do so was legally erroneous and merits remand. (Citation omitted).

In so holding, the District Court disagreed with the ALJ's conclusion, as well as the conclusion of the undersigned as articulated in findings and recommendations presented to the District Judge,[1] that plaintiff had failed to meet his burden of presenting sufficient evidence on the issue. Rather, the District Judge concluded that, at the agency level, the ALJ failed to consider evidence he was legally required to consider. Because the agency's underlying action was not based on a correct application of the law, the undersigned cannot say that it was substantially justified.

Plaintiff seeks an award of $8,521.49. Defendant contends this amount is not reasonable because: (1) some fees claimed relate to clerical and/or administrative tasks; and (2) the hours claimed are excessive. As to defendant's first argument, defendant contends that plaintiff's counsel's ". . .time billed for calendaring, receipt of documents, filing instructions, as well as reviewing district court and other correspondence. . ." are unrecoverable overhead costs. Upon review of the specific calendar entries challenged by defendant, the court finds defendant's argument unpersuasive. As plaintiff notes, keeping track of deadlines and reviewing documents, particularly those from the court, are necessarily attorney functions. As to defendant's second argument, the court does not find the approximately 46 hours claimed to be excessive given the

---

[1] In the findings and recommendations, the undersigned concluded:

> The court finds no error. First, as defendant observes, the only evidence that plaintiff performed his past work under special conditions which would rebut the presumption that such work was performed at or above the substantial gainful level comes from his own testimony which the ALJ appropriately found to be not credible. Second, even if believed, plaintiff's testimony on the issue of special conditions is insufficient given that he testified about specific and limited instances, such as when his manager would have to "calm him down" at times following his mother's death, yet was able to hold his past jobs for years at a time.

issues presented in the case and the procedural history.

The final issue involved in this fee dispute is to whom the EAJA award should be paid. Plaintiff requests payment of attorney fees directly to counsel; defendant argues payment must be made to plaintiff personally, unless it is determined that plaintiff does not owe a government debt. In fact, defendant apparently concedes that once a fee award has been determined, the Treasury will determine whether plaintiff owes a federal debt, and if not the government will accept the assignment of fees and will pay counsel directly.

The undersigned agrees that <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2526-27 (2010), holds that an EAJA fee award is payable to the prevailing party, not the attorney, and is thus subject to offset for any debt owed to the government. To the extent plaintiff argues payment should be made directly to counsel as a representative payee, the court finds it unnecessary to reach such an argument given the Commissioner's concession that if no governmental debt is owed, payment may be made directly to counsel. The Commissioner states "[i]f, after an EAJA fee is awarded to Plaintiff, Treasury determines that Plaintiff does not owe a federal debt, the government will accept the assignment of EAJA fees and pay fees directly to Plaintiff's counsel." The court accepts this assurance, and once the determination is made as to whether there is an outstanding government debt, payment will be made to counsel.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for EAJA fees (Doc. 26) is granted in the amount of $8,521.49;

2. Following the issuance of this order, the government shall determine whether this award is subject to any offset for debts owed to the government; and

3. Pursuant to the Commissioner's assurance, if no debt is owed, the assignment of EAJA fees will be accepted and payment will be made directly to plaintiff's counsel.

DATED: July 18, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE